MEDICINE SHOPPE INTERNATIONAL, )
INC. )
              Plaintiff,          )
                                  )
          vs.                     )        No. 4:07-CV-642 (CEJ)
                                  )
GARY STOPA, et al.,               )
                                  )
              Defendants.         )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to compel responses to outstanding discovery responses. Defendants have filed an opposition to the motion and the issues are fully briefed.

On February 9, 1988, plaintiff Medicine Shoppe International, Inc., (Medicine Shoppe) entered into a license agreement with defendants Gary and Loretta Stopa to operate defendant Middletown Apothecary, Inc. The license agreement prohibits defendants from engaging in a similar business within a defined geographic area and establishes a monthly licensing fee based on a percentage of gross receipts. In October 2004, defendants opened "The Home Healthcare Store." Plaintiff alleges that operation of this store violates the agreement's noncompetition provision and deprives plaintiff of licensing fees. Plaintiff filed suit asserting claims for breach of the license agreement, breach of the duty of good faith and fair dealing, and fraud.

In the instant motion, plaintiff asks the Court to determine the sufficiency of defendants' responses to plaintiff's discovery

requests, specifically the third request for admissions, first and
second sets of interrogatories, and first request for production of
documents.

**Defendants' Responses and Objections to Plaintiff's Third
Request for Admissions and Second Set of Interrogatories**

In its first and second requests for admissions, plaintiff
asked defendants to agree that "durable medical equipment" and
"home health care products" are sold at both the pharmacy and the
Home Healthcare Store.  Defendants objected that these terms are
vague and ambiguous.  Thus, plaintiff modified its requests for
admission by incorporating the following Home Healthcare Store
advertisement:

**SALES * RENTALS * SERVICE * DELIVERY**

- **Scooters/Wheelchairs**
- **Diabetic Center**
- **Asthma/Respiratory**
- **Orthopedic Braces**
- **Enteral Feeding**
- **Incontinence/Urology**
- **Compression Stockings**
- **Mastectomy**
  **(Certified Fitters)**

- **Oxygen**
- **Lift Chairs**
- **Hospital Beds**
- **Walkers/Braces**
- **Ostomy/Wound Care**
- **Bathroom Safety**
- **Women's Boutique**
- **Medela Breast Pumps**

In its third requests for admission, plaintiff asks defendants
to admit or deny that the Home Healthcare Store sells and/or rents
each item on this list.  Defendants admit that they sell or rent
several items, such as compression stockings and oxygen tanks.
With respect to several items on the list, however, -- *e.g.*, "The
Home Healthcare Store sells and/or rents walkers/braces" --
defendants object that the request is vague and ambiguous.
Defendants relied upon the terms "sales," "rentals," and

"walkers/braces" and every other disputed term in these requests order to solicit business. Defendants thus can be presumed to know what those terms mean. Accordingly, the Court will overrule defendants' objections to Request Nos. 7, 10, 11, 12, 17, 18, 19, 20, and 21 of plaintiff's third requests for admission.

In its second set of interrogatories, plaintiff initially asked defendants to list, for every category of product referenced in the requests for admission -- and the advertisement -- "each and every product or good that the Home Healthcare Store has sold, rented, serviced, and/or delivered" from January 2002 to the present. Defendants objected that the interrogatory is overly broad, unduly burdensome, and seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Plaintiff accordingly limited the temporal scope to October 2004, when the Home Healthcare Store opened, and clarified that the interrogatory does not ask defendants to list "every individual item that they have sold, rented, serviced or delivered -- just specific categories of those items." The Court finds that the clarified interrogatory seeks relevant information and adequately addresses defendants' objections with regard to scope and burden.

Defendants argue that plaintiff cannot rely on their advertisement to provide the definition of "durable medical equipment" and "home health care products." It is true that the parties disagree on the definition of these terms; however, plaintiff's third request for admissions and second set of

interrogatories do not use these terms and thus defendants'
opposition on this basis is irrelevant.

**Defendants' Responses and Objections to Plaintiffs' First Set
of Interrogatories**

Interrogatory 8 asks whether defendants advised plaintiff of
their intention to open the Home Healthcare Store before doing so.
Defendants object that the information sought is irrelevant and not
reasonably calculated to lead to admissible evidence.  In their
affirmative defenses, defendants assert that plaintiff's claims are
barred, *inter alia*, by the doctrines of unclean hands, equitable
estoppel, and waiver.  The information responsive to Interrogatory
8 is relevant to these defenses and defendants' objection will be
overruled.

Interrogatory 9 asks whether defendants market the Home
Healthcare Store "through any type of promotional material" at the
Medicine Shoppe pharmacy; plaintiff also asks defendants to
identify all marketing and/or promotional materials they have used.
Defendants object that the interrogatory is overbroad, burdensome,
and seeks irrelevant information.  Defendants also object that the
term "promotional materials" is vague and ambiguous.  The
information sought is relevant to plaintiff's claim that defendants
breached the licensing agreement and the interrogatory is not
overbroad, unduly burdensome, or vague.  The  objection is without
merit and will be overruled.

Interrogatory 13 asks defendants to state the annual gross
revenue for the Home Healthcare Store in 2005 and 2006.  Defendants

object that the interrogatory is overbroad, burdensome, and seeks irrelevant information. This information is relevant to establishing the amount of plaintiff's damages, if any, and the objection is plainly frivolous. To the extent that defendants assert that the information is confidential or proprietary, it may be produced subject to an appropriate protective order.

**Defendants' Response and Objections to Plaintiff's First Request for Document Production**

Plaintiff seeks documents regarding Home Healthcare, Inc., the entity which owns the Home Healthcare Store. Request No. 3 seeks documents related to the incorporation, business purpose, ownership, and management structure of the corporate entity; Request No. 4 seeks state and federal tax returns; and Request No. 5 seeks financial statements, balance sheets, and other financial records. Defendants' objections that the requests are overbroad, burdensome, and seek irrelevant information will be overruled. Once again, any concerns regarding the confidential nature of these documents may be addressed by the entry of an appropriate protective order.

Both parties ask the Court to impose costs on the opposing side. Those requests will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel discovery responses [Doc. #16] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **December 4, 2007**, defendants shall respond to plaintiff's third request for

admissions, answer plaintiff's first and second sets of interrogatories, and produce all documents responsive to plaintiff's first request for production of documents. **Failure to comply with this Order may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 37.**

**IT IS FURTHER ORDERED** that plaintiff's motion for oral argument [Doc. #17] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of November, 2007.